J-S14022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEVE RANDAL GUTHRIE | : | |
| | : | |
| Appellant | : | No. 1283 MDA 2023 |

Appeal from the Judgment of Sentence Entered August 22, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000690-2022

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED: JULY 2, 2024**

Steve Randal Guthrie appeals from the judgment of sentence imposed following his plea of *nolo contendere* to corruption of minors,[1] endangering welfare of children,[2] and unlawful contact with a minor,[3] and his designation as a sexually violent predator ("SVP"). Guthrie argues the Commonwealth did not present sufficient evidence to conclude that Guthrie is an SVP. After careful review, we affirm.

_____

[1] 18 Pa.C.S.A. § 6301(a)(1)(ii).

[2] 18 Pa.C.S.A. § 4304(a)(1).

[3] 18 Pa.C.S.A. § 6318(a)(1).

Because this appeal focuses on the SVP determination, we provide the facts relied upon by the Commonwealth's expert:[4]

> During an interview with a known Victim (AL, presently 14 years old) on March 2, 2022, the Victim detailed several sexual encounters with Steve Randal Guthrie, 36 years old. The sexual encounters took place at two (2) separate locations with a course of conduct. The Victim described the sexual encounters primarily taking place at 1836 Log Run Road, Loyalsock Township, Lycoming County, however, some sexual encounters took place at 1524 Mount Carmel Street, Williamsport City, Lycoming County. The Victim detailed being coerced into committing sexual acts on Guthrie for favors such as money and gum from ages 9-12. Guthrie was engaged in a relationship with the Victim's mother and was a permanent resident of the aforementioned locations.
>
> Over the course of the described three (3) years, the Victim performed numerous acts of oral sex and digital stimulation against her will. She described one (1) failed attempt of sexual intercourse initiated by Guthrie, which was unsuccessful, because Guthrie stated, "F**k, it won't fit."

Affidavit of Probable Cause, 4/5/22, at 1 (some capitalization removed).

Guthrie entered his plea on April 3, 2023. The trial court ordered Guthrie be evaluated by the Sexual Offenders Assessment Board ("SOAB") on April 12, 2023. After the evaluation was completed, a combined SVP and sentencing hearing was held on August 22, 2023. At the conclusion of the hearing, the trial court found Guthrie met the criteria to be classified as an SVP and sentenced Guthrie pursuant to the negotiated plea agreement to two to five

_____

[4] The certified record does not include the *nolo contendere* plea transcript and no party has provided us with the specific factual basis for Guthrie's plea. Because no one contests the facts from the criminal complaint and charging affidavit relied on by the Commonwealth's expert and the trial court, we will rely on those facts.

years' incarceration. Guthrie timely appealed and complied with the trial court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b).

Guthrie presents one issue for our review:

> Whether the sentencing court erred in determining that [Guthrie] is a sexually violent predator because the Commonwealth failed to prove by clear and convincing evidence that he is a sexually violent predator[?]

Appellant's Brief, at 7.

Our standard of review for a challenge to the sufficiency of the evidence regarding an SVP designation is *de novo* and our scope of review is plenary. ***See Commonwealth v. Aumick***, 297 A.3d 770, 776 (Pa. Super. 2023) (*en banc*). "A challenge to the sufficiency of the evidence to support an SVP designation requires the reviewing court to accept the undiminished record of the case in the light most favorable to the Commonwealth." ***Id.*** (citation omitted). "We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied." ***Id.*** at 776-77 (citation omitted). "The clear and convincing standard requires evidence that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." ***Commonwealth v. Meals***, 912 A.2d 213, 219 (Pa. 2006) (citation, internal quotation marks, and brackets omitted).

An SVP is defined, in pertinent part, as "[a]n individual who committed a sexually violent offense … who is determined to be a sexually violent

- 3 -

predator … due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S.A. § 9799.12.

> The procedure for determining SVP status is statutorily mandated and well-defined. Under revised Subchapter H of [the Sex Offender Registration and Notification Act ("SORNA")], after a person has been convicted of an offense listed in section 9799.14, the trial court orders an assessment by the SOAB. ***See*** 42 Pa.C.S.A. § 9799.24(a). The SOAB must assess all individuals convicted of sexually violent offenses to determine whether they should be classified as an SVP. ***See id.*** § 9799.24(b). When assessing whether a particular offender should be classified as an SVP, "the board shall establish standards for evaluations and for evaluators conducting the assessments." ***Id.***

***Aumick***, 297 A.3d at 777 (case citation and footnote omitted).

The assessment must include, but does not need to be limited to, an evaluation of:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

- 4 -

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age.

(ii) Use of illegal drugs.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9799.24(b).

After the evaluation is complete, the evaluator submits a written report

to the assigned district attorney who may request a hearing on the matter.

*See* 42 Pa.C.S.A. § 9799.24(d), (e)(1).

> The trial court's inquiry at an SVP hearing is different from the SOAB's assessment. Whereas the SOAB member must consider the fifteen factors listed in section 9799.24(b), the trial court must determine whether the Commonwealth has proven by clear and convincing evidence that the defendant is an individual who has a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses.

*Aumick*, 297 A.3d at 778-79 (citations and quotation marks omitted).

"The salient inquiry to be made by the trial court is the identification of the impetus behind the commission of the crime and the extent to which the offender is likely to reoffend." **Commonwealth v. Fuentes**, 991 A.2d 935, 943 (Pa. Super. 2010) (*en banc*) (citation and emphases omitted). A "mental abnormality" is defined as a "congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." **Id.** (citations omitted); **see** 42 Pa.C.S.A. § 9799.12. "Predatory" is defined as an "act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." **Fuentes**, 991 A.2d at 943 (citations omitted); **see** 42 Pa.C.S.A. § 9799.12.

The trial court here heard from C. Townsend Velkoff, M.S., a member of the SOAB. **See** N.T. SVP Hearing/Sentencing, 8/22/23, at 3-21. Mr. Velkoff was qualified as an expert in sex offender assessments and SVP designations. **See id.** at 5. Mr. Velkoff discussed the 15 factors required under 42 Pa.C.S.A. § 9799.24(b) and concluded that Guthrie displayed characteristics of pedophilic disorder, a mental abnormality, and there was evidence of predatory behavior because he manipulated the victim. **See id.** at 10. Mr. Velkoff further explained that pedophilic disorder is a lifetime condition. **See id.** As the trial court aptly held:

In the present case, both in his report and during his testimony at the SVP hearing, Mr. Velkoff emphasized the fact that [Guthrie] gained access to the victim because he was living with the victim's mother. [Guthrie] used candy, money, and other favors to induce the victim into performing sexual acts on him. In this way, [Guthrie] established and maintained a predatory sexual relationship with the victim. [Guthrie] began this behavior when the victim was 9 years old and continued until the victim reported the conduct when she was 12 years old. Considering this behavior and credible sex offender research, Mr. Velkoff opined to a reasonable degree of professional certainty that [Guthrie] met the criteria to be classified as a [SVP] under Pennsylvania Law.

After viewing all the evidence presented and all reasonable inferences therefrom in the light most favorable to the Commonwealth, this [c]ourt found that the Commonwealth, through the SOAB report and testimony of C. Townsend Velkoff, M.S., had proven by clear and convincing evidence that each element of the statute had been satisfied.

Trial Court Opinion, 11/17/23, at 4 (pagination provided). We agree.

The evidence presented at the SVP hearing established that Guthrie has a mental abnormality, pedophilic disorder, because the victim was between the ages of 9 and 12 years old at the times of the assault, placing the victim in the category of either prepubescent or early pubescent. *See* N.T. SVP Hearing/Sentencing, 8/22/23, at 8. This is a lifelong condition. *See id.* at 10. Guthrie maintained and promoted the relationship with the victim by enticing her with candy and money. *See id.* at 7. In his report, admitted as evidence at the hearing, Velkoff noted that Guthrie's risk of re-offense "is greater than other males around his age." *See* Sexually Violent Predator Assessment, 6/19/23, at 5. As such, there was sufficient evidence to find Guthrie met the criteria to be classified as an SVP.

Judgment of sentence affirmed.

Judgment Entered.

![signature: Benjamin D. Kohler]

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/02/2024